Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE AGUADILLA
PANEL XI

| | | |
|---|---|---|
| MARÍA LÓPEZ RAMOS AIDA CONCEPCIÓN ORTIZ LÓPEZ LUZ MARÍA ORTIZ LÓPEZ GLADYS NIDIA ORTIZ LÓPEZ<br><br>Apelantes<br><br>V.<br><br>RAMÓN ROMÁN SANTIAGO RODRÍGUEZ, SUCN. JULIO RAMOS MERCADO T/C/P JULIÁN RAMOS MERCADO, WILLIAM MÉNDEZ, LEONOR OLIVER, JOSÉ CRUZ, RAMÓN RODRÍGUEZ, JOSÉ ROMÁN, LISSETTE RODRÍGUEZ, ANSELMO RODRÍGUEZ<br><br>Apelados | KLAN202300193 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2022CV01139<br><br>Sobre: Deslinde y Acción Reivindicatoria |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2023.

El 6 de marzo de 2023, acudieron ante este Tribunal de Apelaciones, la señora María López Ramos (en adelante, señora López Ramos), la señora Aida Ortiz López, la señora Luz Ortiz López y la señora Gladys Ortiz López (en conjunto, parte apelante), por medio de recurso de *Apelación*. Mediante este, nos solicita que revisemos la *Sentencia* emitida y notificada el 13 de enero de 2023, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar y desestimó con perjuicio, la *Demanda* instada por la parte apelante.

Número Identificador

SEN2023 _____

Por los fundamentos que en adelante se exponen, se desestima el recurso de epígrafe, ello debido al incumplimiento con las disposiciones reglamentarias para el perfeccionamiento del mismo, lo cual nos priva de jurisdicción para entender en el mismo.

**I**

Los hechos que dieron lugar al recurso de epígrafe se remontan a una *Demanda* sobre deslinde y acción reivindicatoria incoada por la parte apelante el 8 de agosto de 2022, contra el señor Ramón Rodríguez Ramos (en adelante, señor Rodríguez Ramos o parte apelada), la Sucesión Julio Ramos mercado t/c/p Julián Ramos Mercado, el señor William Méndez, la señora Leonor Oliver, el señor José Cruz, el señor Ramón Rodríguez, el señor José Román, la señora Lissette Rodríguez y el señor Anselmo Rodríguez. En esencia, la parte apelante sostuvo que, surgió una controversia respecto a las colindancias y linderos de un inmueble propiedad de la señora López Ramos. Alegó que, la parte apelada ocupaba terrenos que no le pertenecían, pero que, le pertenecían a la parte apelante. Por lo que, solicitó al Tribunal de Primera Instancia que ordenara el deslinde de los terrenos.

Así las cosas, el 20 de octubre de 2022, la parte apelada presentó la *Moción Solicitando Desestimación de la Demanda*. De su escrito surge que, el 18 de octubre de 2021, la parte apelante había presentado una demanda sobre deslinde y acción reivindicatoria que incluía a las mismas partes de la controversia de epígrafe, al igual que las mismas alegaciones. Surge además, que, la aludida reclamación fue desestimada sin perjuicio mediante Sentencia emitida el 15 de marzo de 2022, por incumplimiento con la Regla 4.3(c) de las Reglas de Procedimiento Civil, al haber transcurrido el término dispuesto de ciento veinte (120) días para diligenciar el emplazamiento. De igual forma, la parte apelada sostuvo que, en la *Demanda* del caso de marras, la parte apelante incluyó como

demandados al señor Santiago Rodríguez Acevedo, al señor José Cruz Acevedo, al señor Ramón Román y a la señora Leonor Oliver, quienes habían fallecido con anterioridad a la presentación de la *Demanda*, y que tal información era conocida por la parte apelante. Alegó que, la parte apelante también había incluido como parte demandada a la Sucesión Julio Ramos mercado t/c/p Julián Ramos Merced, sin mencionar quiénes eran los miembros que componían la Sucesión. Añadió que, conforme a nuestro ordenamiento jurídico, la comunidad hereditaria no tiene personalidad jurídica. Acotó que, existían partes indispensables que no se habían incluido en la *Demanda*, conforme a lo dispuesto por la Regla 16.1 de las Reglas de Procedimiento Civil[1]. Igualmente, adujo que, la parte apelante no citó a la parte apelada cuando se llevó a cabo la mensura del terreno. Finalmente, solicitó la desestimación con perjuicio de la *Demanda*. Posteriormente, la señora López Ramos presentó la *Moción Informativa, Solicitud de Prórroga y Otros Asuntos*.

Por su parte, la parte apelada presentó la *Moción en Réplica a Otras e Informando Nuevo Fundamento para Desestimación*. Adujo que, habían transcurrido ciento veinte (120) días sin que se hubiesen emplazado a todos los demandados. Acotó que, era la segunda ocasión en que la parte apelante incumplía con el término dispuesto por la Regla 4.3(c) de las Reglas de Procedimiento Civil[2]. Ello, en la medida en que la primera demanda fue desestimada sin perjuicio en el caso AG2021CV01273. En vista de lo anterior, reiteró que el Tribunal de Primera Instancia debía desestimar la *Demanda* con perjuicio.

La parte apelante presentó la *Moción Informativa Urgente*. Mediante esta, entre otras cosas, alegó haber emplazado a todas las partes dentro del término de ciento veinte (120) días dispuesto en

---

[1] 32 LPRA Ap. V, R. 16.1.
[2] 32 LPRA Ap. V, R. 4.3(c).

las Reglas de Procedimiento Civil. Arguyó que, no faltaba parte indispensable ya que, el señor Ramón López, el señor Francisco López, la señora Fundadora López, y la señora López Ramos (la apelante), eran miembros de la Sucesión del señor Julio Ramos Mercado, y que estos representaban a la Sucesión y podían sustituir al señor Julio Ramos Mercado. Conforme a ello, sostuvo que no procedía la desestimación de la *Demanda*.

Asimismo, el señor Rodríguez Ramos presentó la *Moción Urgente en Réplica a Otra*. En esta, planteó que la parte apelante no podía fungir como demandante y a la vez, como demandada, ya que era contrario a derecho. Aseguró que, la parte apelante no había informado quiénes realmente eran los miembros que componían la Sucesión del señor Julio Ramos Mercado t/c/p Julián Ramos Mercado, quiénes eran parte indispensable. Reiteró que, la parte apelante había incumplido con el término de ciento veinte (120) días para emplazar. Igualmente, adujo que, no fue citado al acto de mensura del terreno. Nuevamente, acotó que, procedía la desestimación con perjuicio de la *Demanda*.

Subsiguientemente, el 13 de enero de 2023, la primera instancia judicial emitió la *Sentencia* cuya revisión nos ocupa. El foro *a quo* concluyó que, la parte apelante incumplió con la Regla 4.3 de las Reglas de Procedimiento Civil, *supra*. De igual forma, declaró No Ha Lugar la *Demanda* y expresó lo siguiente:

> Vista[s] las conclusiones de Hecho y Derecho a [las] que ha llegado este Tribunal después de aquilatar las alegaciones de ambas partes, se declara SIN LUGAR la Demanda incoada y en su consecuencia se desestima la misma con perjuicio por ser esta la segunda ocasión en la cual se desestima la misma Demanda. Habiéndose desestimado la primera demanda AG2021CV01273, teniendo perfecta identidad de causas y de partes tanto demandantes como demandadas. Cabe mencionar que la desestimación es por el incumplimiento de la Regla 4.3(c) de las de Procedimiento Civil, incumplimiento con la Regla 4.6 de emplazamiento por edicto de las de Procedimiento Civil, incumplimiento con la Regla 16.1 de las de Procedimiento Civil de acumulación de parte

indispensable e incumplimiento del artículo 1600 del Código Civil de Puerto Rico, el cual dispone que una comunidad hereditaria no tiene personalidad jurídica a tenor con lo resuelto por nuestro Tribunal Supremo en el caso de *Villanova vs. Villanova*, 2012 TPSR 53 e incumplimiento con las órdenes de este Tribunal con fecha del 31 de octubre de 2022 y la orden con fecha del 7 de diciembre de 2022.

En su consecuencia se condena a la parte demandante a satisfacer a la parte codemandada, Sr. Ramón Rodríguez Ramos la suma total de $3,700.00 dólares en adición de las costas y gastos del procedimiento.

Inconforme con la determinación del foro apelado, la parte apelante presentó la *Moción Urgente en Solicitud de Reconsideración.* En esta, planteó que, los emplazamientos fueron diligenciados dentro del término dispuesto por las Reglas de Procedimiento Civil. Asimismo, solicitó al foro *a quo* la desestimación parcial de la *Demanda* respecto a todos los codemandados con excepción de la señora Lissette Rodríguez y del señor Anselmo Rodríguez.

Por otro lado, la parte apelada presentó la *Moción Solicitando Auxilio del Tribunal y en Oposición a Moción Urgente en Solicitud de Reconsideración.*

Finalmente, el 7 de febrero de 2023, el Tribunal de Primera Instancia emitió una *Resolución* en virtud de la cual declaró No Ha Lugar la solicitud de reconsideración instada por la parte apelante.

Aun insatisfecha con la determinación del foro de primera instancia, la parte apelante acudió ante este foro y señaló los siguientes errores:

Primer Error: Erró el Honorable Tribunal de Primera Instancia al dictar sentencia desestimando con perjuicio la demanda del presente caso tratando de una acción de deslinde y acción reivindicatoria.

Segundo Error: Erró el Honorable Tribunal de Primera Instancia al dictar sentencia desestimando con perjuicio por falta de partes indispensables esto a pesar de que las partes propietarias de los predios colindantes en controversia se hallaban sometidos a la jurisdicción del Tribunal.

Tercer Error: Erró el Honorable Tribunal de Primera Instancia al dictar sentencia desestimatoria contra

todas las partes demandadas del presente caso en lugar de emitir sentencias desestimatorias solo en cuanto a las partes demandadas cuyos predios de terreno no estaban relacionados a la controversia del deslinde.

Cuarto Error: Erró el [H]onorable [T]ribunal al dictar sentencia desestimatoria contra todas las partes demandadas del presente caso en lugar de emitir sentencias desestimatorias solo en cuanto a las partes demandadas cuyos predios de terreno no estaban relacionados a la controversia del deslinde.

Quinto Error: Erró el [H]onorable tribunal al conceder a modo de gastos, costas y honorarios la exorbitante suma de Tres Mil Setecientos dólares ($3,700.00) sin que la Abogado del codemandado Ramón Rodríguez presentara memorando de Gastos, Costas y Honorarios.

Mediante *Resolución* emitida el 13 de marzo de 2023, este Tribunal le concedió a la parte apelante hasta el jueves 16 de marzo de 2023, para acreditar haber notificado copia del recurso de epígrafe a la parte apelada, de conformidad con la Regla 13(B) del Reglamento de este Tribunal[3] y al Tribunal de Primera Instancia, conforme a lo dispuesto por la Regla 14 de las Reglas del Tribunal de Apelaciones[4]. De igual manera, le apercibimos que el incumplimiento con lo ordenado, daría lugar a la desestimación del recurso.

El 16 de marzo de 2023, la parte apelante presentó la *Moción en Cumplimiento de Orden.* Por medio de esta acotó lo siguiente:

[…]

3. Que en efecto el día 6 de marzo de 2023 comenzamos las gestiones dirigidas a realizar la notificación del recurso tanto a la parte apelada como así al tribunal superior de Aguadilla por medio de Sistema Unificado de Manejo y Administración de casos (SUMAC).

4. Que a pesar de que comenzamos la diligencia de presentar el caso por medio de la plataforma SUMAC dentro del mismo día 6 de marzo de 2023 fecha en que se presentó la apelación a pesar de que se comenzó la gestión a eso de las 10:30 pm por problemas con la plataforma de dicho sistema no fue hasta las 12:30 am del día 7 de marzo de 2023 que se pudo presentar el escrito Apelativo, sus anejos 1 al 6 B y así como la portada con el ponche de presentación del tribunal de apelaciones.

---

[3] 4 LPRA Ap. XXII-B, R. 13(B).
[4] 4 LPRA Ap. XXII-B, R. 14.

5. Que por motivos de que el sistema electrónico SUMAC solo permite la presentación de cierta cantidad de archivos nos vimos en la obligación de dividir los archivos de anejos que acompañan el escrito apelativo por lo que posteriormente a las 12:35 am se subió el resto de los anejos, anejos 7 al 16 A junto a los cuales se volvió a incluir de modo de anejo el escrito apelativo, así como la portada con el ponche de presentación del tribunal de apelaciones.

[...]

Asimismo, arguyó que, entendía que la notificación de la copia del recurso de marras a la parte apelada y al Tribunal de Primera Instancia fue conforme a la Regla 13 (B) y a la Regla 14 del reglamento de este Tribunal.

El 17 de marzo de 2023, la parte apelada presentó la *Moción Solicitando la Desestimación del Recurso de Apelación*, en la que acotó que, este Tribunal carece de jurisdicción para atender el recurso de epígrafe. Añadió que, la parte apelante incumplió con el deber de notificación impuesto por la Regla 13 (B) del Reglamento de este Tribunal, *supra.* Lo anterior, por motivo de que, no le había notificado a esta parte sobre la presentación del recurso en cuestion. Sostuvo que, la parte apelante presentó de forma incompleta el recurso de apelación, puesto que, los anejos no fueron presentados a SUMAC como copia fiel y exacta según radicado ante este foro. Arguyó, además, que la parte apelante no presentó los anejos según radicados y enumerados en el recurso. Por ello, la parte apelada alegó que desconocía si existía diferencia entre los anejos presentados ante este Tribunal y los anejos seleccionados en SUMAC. A tales efectos, solicitó la desestimación del recurso dado a que este no fue perfeccionado.

Así las cosas, el 21 de marzo de 2023, le concedimos a la parte apelante hasta el 31 de marzo de 2023, para que expusiera su posición respecto a la *Moción Solicitando la Desestimación del Recurso de Apelación*, y le apercibimos que el incumplimiento con lo ordenado podría dar lugar a la desestimación del recurso.

Transcurrido el término concedido a la parte apelante, sin que esta se expresara, procedemos a disponer del recurso.

**II**

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89 (2020), *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Torres Alvarado v Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009). La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Management Group, Inc. v Oriental Bank*, 204 DPR 374 (2020); *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005). Un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos. *Íd.*; *Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652, 600 (2014); *Suffront v. A.A.A.*, supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[5], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de

---

[5] 4 LPRA Ap. XXII-B, R. 83.

apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento del Recurso

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Unión Gen. De Trabajadores v. Centro Médico del Turabo, Inc.*, 2022 TSPR 27 (2022); *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Hernández Maldonado v. Taco Marker*, 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017). El Tribunal Supremo ha expresado que "los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, no puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias se deben acatar y cuándo". *Hernández Maldonado v. Taco Maker*, supra, pág. 290.

Nuestra Máxima Curia ha dispuesto que, para que un recurso quede perfeccionado, es necesaria la notificación de su presentación a todas las partes oportunamente. *González Pagán v. Moret Guevara*, 202 DPR 1062, (2019). El Reglamento del Tribunal de Apelaciones, en su Regla 13(A) dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia deberán presentarse dentro del término jurisdiccional de treinta (30) días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Bajo este supuesto, respecto a la

notificación del recurso de apelación a las partes, la Regla 13(B)(1) del Reglamento del Tribunal de Apelaciones, *supra,* dispone lo siguiente:

> Cuándo se hará
>
> La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo este un término de estricto cumplimiento.
>
> La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.[6]

Según puede observarse, el término antes dispuesto es uno de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:[7]

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[8]. En el aludido caso[9], el Tribunal Supremo dispuso lo siguiente:

> [E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto **solo cuando la parte que lo solicita demuestra justa causa para la tardanza**. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[10] En

---

[6] 4 LPRA Ap. XXII-B, R. 13(B).
[7] *Soto Pino v. Uno Radio Group,* supra, pág. 92.
[8] *Id*, pág. 93.
[9] *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 171.
[10] *Soto Pino v. Uno Radio Group,* supra, pág. 92.

conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: **(1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida.**[11] (Énfasis nuestro).

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo [...] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra*, 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group*, supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra pág. 93 citando a *Febles v. Romar*, supra, pág. 720

En lo pertinente a la notificación del recurso a las partes, la Regla 13 (B)(2) de nuestro Reglamento dispone lo siguiente:

[.....]

**(2) Cómo se hará**

**La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación** mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. **Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas**: correo ordinario, entrega personal, telefax o **correo electrónico, siempre que el documento notificado sea copia fiel y exacta del documento original.**

[.....]

**La notificación mediante correo electrónico deberá hacerse a la dirección electrónica correspondiente de los abogados o abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una**

---

[11] *Id.*, pág. 93.

**dirección electrónica y así surja de los autos del caso ante el Tribunal de Primera Instancia.**

(3) Constancia de la notificación Se considerará que la fecha de la notificación a las partes es la que conste en el certificado postal como la fecha de su depósito en el correo. Si la notificación se efectúa por correo ordinario, la fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. Se considerará que la fecha de la notificación a las partes es la que conste del documento expedido por la empresa privada que demuestre la fecha en que ésta recibió el documento para ser entregado a su destinatario. **Cuando la notificación se efectúa por correo ordinario, entrega personal, telefax o correo electrónico, será válida si no hubiere controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario.** Se entenderá que las partes que incluyan la información del número de telefax o la dirección electrónica en los autos del caso ante el Tribunal de Primera Instancia consienten a ser notificados por estos medios. Cualquier parte o su abogado o abogada podrá darse por notificada haciéndolo así constar al tribunal.

Ha sido reiterado que, las normas que rigen el perfeccionamiento de los recursos apelativos deberán ser observadas rigurosamente. *Íd.* pág. 90*; Unión Gen. De Trabajadores v. Centro Médico del Turabo, Inc.*, 2022 TSPR 27 (2022); *Hernández Maldonado v. Taco Marker*, 181 DPR 281 (2011). El incumplimiento con las disposiciones reglamentarias concernientes al contenido, forma y presentación de los recursos podría implicar que sean desestimados. *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017).

Por tanto, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes

emitidos por los tribunales inferiores.[12] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[13]

Expuesta la norma jurídica, procedemos a resolver de conformidad con la misma.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

Conforme mencionamos previamente, el 17 de marzo de 2023, la parte apelada presentó la *Moción Solicitando la Desestimación del Recurso de Apelación.* En síntesis, nos planteó que, este foro revisor carece de jurisdicción para atender el recurso de epígrafe, toda vez que, la parte apelante incumplió con el deber de notificación impuesto por la Regla 13 (B) del Reglamento de este Tribunal, *supra,* al no notificarle a la parte apelada sobre la presentación del recurso. Sostuvo que, la parte apelante presentó de forma incompleta el recurso de apelación puesto que, los anejos no fueron presentados a SUMAC como copia fiel y exacta según radicado ante este foro. Arguyó, además, que la parte apelante no presentó los anejos según radicados y enumerados en el recurso. Por lo anterior, la parte apelada alegó que, desconocía si existía diferencia entre los anejos presentados ante este Tribunal y los anejos seleccionados en SUMAC. A tales efectos, solicitó la desestimación del recurso dado a que este no fue perfeccionado.

Cabe destacar que, la parte apelante mediante la *Moción en Cumplimiento de Orden* del 16 de marzo de 2023, en ocasión de que

---

[12] *García Morales v. Mercado Rosario,* supra, pág. 638.

[13] *Soto Pino v. Uno Radio Group,* supra, pág. 90; *Hernández Maldonado v. Taco Maker,* supra, pág. 290; *Arriaga v. F.S.E.,* 145 DPR 122, 130 (1998).

le ordenáramos que nos acreditara haberle notificado el recurso a la parte apelada y al foro primario, acotó lo siguiente:

[...]

3. Que en efecto el día 6 de marzo de 2023 comenzamos las gestiones dirigidas a realizar la notificación del recurso tanto a la parte apelada como así al tribunal superior de Aguadilla por medio de Sistema Unificado de Manejo y Administración de casos (SUMAC).

4. Que a pesar de que comenzamos la diligencia de presentar el caso por medio de la plataforma SUMAC dentro del mismo día 6 de marzo de 2023 fecha en que se presentó la apelación a pesar de que se comenzó la gestión a eso de las 10:30 pm por problemas con la plataforma de dicho sistema no fue hasta las 12:30 am del día 7 de marzo de 2023 que se pudo presentar el escrito Apelativo, sus anejos 1 al 6 B y así como la portada con el ponche de presentación del tribunal de apelaciones.

5. Que por motivos de que el sistema electrónico SUMAC solo permite la presentación de cierta cantidad de archivos nos vimos en la obligación de dividir los archivos de anejos que acompañan el escrito apelativo por lo que posteriormente a las 12:35 am se subió el resto de los anejos, anejos 7 al 16 A junto a los cuales se volvió a incluir de modo de anejo el escrito apelativo, así como la portada con el ponche de presentación del tribunal de apelaciones.

[.....]

Arguyó la parte apelante que, la notificación de la copia del recurso de marras a la parte apelada y al Tribunal de Primera Instancia fue hecha conforme a la Regla 13 (B) y a la Regla 14 del Reglamento de este Tribunal. No nos persuade.

Como esbozamos previamente, la Regla 13 (B)(2) del Reglamento de este Tribunal de Apelaciones, *supra*, establece la forma en que debe notificarse a las partes los recursos presentados ante este foro. En lo particular, dicha regla dispone:

[.....]

**La parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación** mediante correo certificado o servicio de entrega por empresa privada con acuse de recibo. **Podrá, además, utilizar los siguientes métodos sujeto a lo dispuesto en estas reglas:** correo ordinario, entrega personal, telefax o **correo electrónico,**

**siempre que el documento notificado sea copia fiel y exacta del documento original.**

La notificación por correo se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección y la parte estuviere representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo.

Conforme establece nuestro cuerpo reglamentario apelativo, la parte apelante notificará el recurso de apelación debidamente sellado con la fecha y hora de su presentación. Ciertamente, el Reglamento de este foro revisor permite la notificación electrónica del recurso de apelación. Ahora bien, esta forma de notificación es permitida, **siempre que el documento notificado sea copia fiel y exacta del documento original.** Dispone, además, nuestro Reglamento que, la notificación se hará **mediante correo electrónico, deberá hacerse a la dirección electrónica correspondiente de los abogados o abogadas que representen a las partes o al de las partes, de no estar representadas por abogado o abogada, cuando las partes a ser notificadas hubieren provisto al tribunal una dirección electrónica y así surja de los autos del caso ante el Tribunal de Primera Instancia.**

De vital importancia resulta el hecho que, según establece el precitado cuerpo reglamentario, "[**c]uando la notificación se efectúa por correo ordinario, entrega personal, telefax o correo electrónico, será válida si no hubiere controversia sobre la fecha de la notificación ni sobre el hecho de haber sido recibida por su destinatario.**"

En el caso de marras, la parte apelada sostiene que no fue notificada del recurso en cuestión. La incorporación accidentada del recurso al Sistema SUMAC relatada por la parte apelada, no puede ser aceptada ni considerada como una notificación adecuada,

de conformidad con nuestro Reglamento. Puntualizamos que, el Reglamento de este Tribunal no provee para la notificación de los recursos mediante la plataforma SUMAC. Un análisis ponderado de lo expresado por la parte apelante, claramente demuestra que esta *no cumplió* con lo dispuesto por la Regla 13 (B) de nuestro Reglamento, *supra*. En vista de lo anterior, colegimos forzosamente, que el recurso no fue debidamente notificado a la parte apelada.

Recordemos que, "[t]odo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[14] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo". *Hernández Jiménez v. A.E.E.*, 194 DPR 378, 382-383 (2015).

En consonancia con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[15], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos antes esbozados, se desestima el recurso de epígrafe, debido al incumplimiento con las disposiciones reglamentarias para el perfeccionamiento del mismo, lo cual nos priva de jurisdicción para entender en el mismo.

Notifíquese.

---

[14] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[15] 4 LPRA Ap. XXII-B, R. 83.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones